## STATE vs. JOHN M. WOOD.

CRIMINAL LAW—WHERE SPECIFIC TERM OF IMPRISONMENT CONFLICTS WITH DATES OF COMMENCEMENT AND ENDING, FORMER PREVAILS.

*Rev. Code* 1915, § 4813, in requiring time of commencement and ending of imprisonment to be specified, merely prescribes rule of mathematical convenience, which is subject to paramount rule in fixing the term of imprisonment, and where term of imprisonment conflicts with dates of commencing and ending of imprisonment, the former, which is paramount and of greater importance, prevails.

*(May 7, 1924.)*

RICHARDS and RODNEY, J. J., sitting.

*Clarence A. Southerland,* Deputy Attorney-General, for the State.

*J. Frank Ball* for defendant.

Court of General Sessions for New Castle County, January Term, 1924.

CERTIORARI, No. 2, January Term, 1924.

John M. Wood, the defendant, was arrested upon a charge of operating a motor vehicle while intoxicated. Upon being arraigned before Daniel W. Stevens, a justice of the peace, he pleaded

guilty and was sentenced to pay a fine of four hundred dollars
"and to serve six months in the New Castle County Workhouse,
beginning on the 18th day of September, A. D. 1923, and ending
on the 18th day of March, A. D. 1924."

Seven exceptions were filed, the last of which only is neces-
sary to be particularly considered. By the seventh exception it
was contended that the term of imprisonment was double, in that
it imposed a specific term of six months and also a term of six
months and one day. It is based upon the contention that a term
of six months' imprisonment commencing on the 18th day of
September should terminate on the 17th day of March following.
*Section* 4813 *of Rev. Code* of 1915 provides:

"When imprisonment is a part of the sentence, the term shall be fixed,
and the time of its commencement and ending specified."

RODNEY, J., delivering the opinion of the Court:

The determination of this matter is largely a question of
statutory construction. It was tacitly assumed at the argument
that a sentence of six months commencing on the 18th day of
September should properly terminate on the 17th day of March
next ensuing. In view of the determination we have reached in
this case it is unnecessary to reach such conclusion. A plausible
argument to the contrary may be made. It is certain, however,
that now and for some time past it has been the invariable practice
of the courts of record of this state to order the imprisonment
to commence upon a certain day and to terminate upon a fixed day
in the future, which day is numerically one less than the day upon
which the imprisonment commenced, the length of the term, of
course, determining the date of the ending of the imprisonment.

It may not be uninteresting to show that this was not always
the case. By *Section* 4 of *Chapter* 362, *vol.* 6, *Laws of Delaware*,
passed February 8, 1826, it is provided:

"*    *    *    And a term of months of imprisonment shall be so many calendar
months, and shall expire upon the same numerical day (including the same) of
a calendar month upon which it shall have commenced."

The statute remained in this form until substantially the
language of the present act was incorporated into the *Revised Code*

of 1852. *Chief Justice Comegys, in McCoy v. Sheriff of New Castle County*, 9 *Houst.* 433, at *page* 457, 9 *Atl.* 416, 418, says that this language of the present act "is but a pruning of the language" of the former act.

We have been unable to find that any other state has a statute requiring the dates of the commencement and termination of the term of imprisonment to be specifically set out.

The sole question then to be determined under our statute is this: Where a specific term of imprisonment of six months is imposed, and assuming that the dates of commencement and ending of the imprisonment show a term of six months and one day, which is to prevail? The question was considered somewhat in the case of *McCoy v. Sheriff of New Castle County, supra*, and we adopt the language of Grubb, J., at page 441, where he says:

"The conclusion seems unavoidable that our statute, in requiring the said times of commencement and ending to be specified, simply prescribes a rule of mathematical convenience as a matter of descriptive detail which is subordinate to the paramount rule of fixing the term or quantum of the imprisonment.

"To adopt this view, is to give a consistent and reasonable effect to the entire statute.

"To maintain the contrary, is to hold that our Legislature intended that what was of lesser should control that which was of greater importance, and that what was not indispensable should be paramount to that which was absolutely necessary.     *     *     *     "

It may not be out of place to state that in the report of *McCoy v. Sheriff of New Castle County*, in 9 *Atl.* 416, it is shown that the opinion of the court was delivered by Comegys, C. J. In 9 *Houst.*, Judge Houston delivered the opinion, which was concurred in by Judge Wootten. Comegys, C. J., concurred only in the result; he having arrived at this result upon a different ground.

The judgment of the court below is affirmed.