**Herbert J. PORTER, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 20, 1966.

Charles K. Keil and Richard A. Paul, Asst. Public Defenders, Wilmington, for defendant below, appellant.

F. L. Peter Stone, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J.; HERRMANN and CAREY, JJ., sitting.

HERRMANN, Justice:

On February 8, 1963, after having pleaded guilty to burglary charges, the defendant Herbert J. Porter was sentenced to a term of three years imprisonment commencing on July 21, 1962 * and ending July 20, 1965. On May 28, 1963, upon petition of the defendant, the sentence was suspended and he was placed on probation for five years. On May 11, 1966, probation was revoked and the three year sentence was reimposed. In so doing, the sentencing judge stated that the termination date of the imprisonment would be July 20, 1966. Later, the sentencing judge entered an Order changing the expiration date to July 6, 1968. The defendant moved to correct or reduce the sentence under Superior Court Criminal Rule 35, Del.C.Ann., contending that the change of date amounted to an illegal increase of sentence. This motion was denied and the defendant appeals.

It is clear from the transcript of the proceedings on May 11, 1966 that the sentencing judge reimposed the three year sentence which had previously been suspended; that the reference to July 20, 1966 was pure inadvertence. The subsequent correction of that inadvertence did not constitute an increase of the sentence.

When incarceration is a part of a sentence, the court is required by Statute to specify the "term" of imprisonment imposed and "the time of its commencement and ending." 11 Del.C. § 3902. Under a time-honored interpretation of that statutory requirement it has been held that, in the event of conflict, the term of imprisonment imposed, and not the specification of dates, controls. McCoy v. State, 9 Houst. 433, 9 A. 416 (1886); State v. Wood, 2 W.W. Harr. 556, 127 A. 287 (1924). We adhere to that rule.

The authorities cited by the defendant are inapposite because they relate to sentences which were increased. We hold here that the change of termination date by the sentencing judge was a permissible correction of an inadvertence resulting in conflict between term and date—not an increase of sentence.

The Order below is affirmed.

---

* Obviously, credit was given under 11 Del.C. § 3902(b) for a period of incarceration prior to sentence.