**Otis FRYE, Jr., Appellant,**

v.

**The STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Nov. 14, 1967.

Richard A. Paul, Asst. Public Defender, Wilmington, for appellant.

Richard G. Elliott, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial by the Superior Court of a petition for a writ of *habeas corpus.**

The petitioner was sentenced on May 23, 1965 to a term of two years, ending May 22, 1967, for the crime of assault and battery, and was committed to the custody of the Correctional Authorities. On August 10, 1966, by order of the Superior Court, he was transferred to the custody of the Department of Health for examination and treatment of a mental disorder. On October 9, 1966 he escaped from the custody of the Department of Mental Health. He was arrested and returned to that custody on April 11, 1967.

On April 28, 1967, by order of the Superior Court, the petitioner was returned to

---

\* This is a proper petition for relief by way of *habeas corpus.* This is so because any relief to which the petitioner is entitled is relief from custody, since the date of expiration of the original sentence, May 22, 1967, had expired prior to the filing of the petition. Cf. Curran v. Woolley, 9 Terry 382, 104 A.2d 771.

the custody of the Department of Corrections. The authorities, apparently on oral information that he had been absent by reason of escape from custody of the Department for a period of six months and two days, refused to release him on the ground that that amount of time should be added to his originally imposed sentence. They accordingly refused to release him on May 22, 1967, the termination date of his originally imposed sentence.

Upon the refusal of the Correctional Authorities to release him, the petitioner petitioned for a writ of *habeas corpus,* alleging that he was entitled to release because his sentence by the passage of time had elapsed. The Superior Court dismissed the petition on the ground that he had not been incarcerated for the two-year period of the sentence imposed, and entered an order in effect ratifying the action of the Correctional Authorities by adding an additional six months and two days, his period of absence, to the originally imposed sentence.

■ The basic question before us is whether the quantum, expressed in years, months or days, of an imposed sentence, or the expiration and termination date of the sentence required to be stated by 11 Del.C. § 3902(a), is controlling. The question has long been settled in this State. The quantum of the sentence controls, irrespective of the expiration date stated.

It has been held that the statute requiring the specification of the commencement and ending of a sentence simply prescribes a rule of mathematical convenience as a matter of descriptive detail. In the event of conflict between the quantum of the sentence imposed and the date of termination, the former controls. McCoy v. State, 9 Houst. 433, 9 A. 416; State v. Wood, 2 W.W.Harr. 556, 127 A. 287; Porter v. State, Del., 225 A.2d 490, 491.

■ In other words, a person may not avoid imprisonment for his criminal act by escaping and remaining at large past the prescribed termination date of the imposed sentence. To hold otherwise would permit a criminal who escapes, in itself a crime, to avoid the consequences of his first criminal act by reason of a second criminal act. The very thought is abhorrent to our law.

■ The petitioner, however, argues that even if this be true, the Correctional Authorities had no authority as nonjudicial officers to add at their own initiative, upon an oral representation of escape, to a previously imposed sentence. Technically speaking, this may be true, but the later order of the Superior Court denying release to the prisoner on the ground that he had not served the imposed sentence, cured whatever technical defect there may have been.

We note with approval the statement in the memorandum of the Superior Court deciding the matter that, in the future, in similar circumstances, the extension of termination dates will be by action of the Superior Court rather than by mere refusal to release by the Correctional Authorities.

The judgment below is affirmed.