**Thomas C. JAMES, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 13, 1978.

Decided April 10, 1978.

Nancy Jane Mullen, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this appeal from denial by the Superior Court of a petition for writ of habeas corpus, the question is whether the Correctional Authorities may administratively change the expiration date of the sentence of a prisoner, as the result of an escape.

## I.

The defendant was sentenced to a term of 5 years imprisonment for robbery, the sentence to commence on March 23, 1972 and end on March 22, 1977.

On September 1, 1972, the defendant allegedly escaped from the custody of the Department of Corrections; he was returned to custody on April 8, 1976. Upon being indicted for escape, the defendant was tried but found not guilty on the ground that the charge was barred by the statute of limitations.[1]

Upon the defendant's return to the custody of the Department of Corrections, his 5 year sentence was recomputed by the Correctional Authorities and the maximum expiration of the sentence was administratively extended by 3 years, 6 months, and 17 days—the period of time during which the defendant had allegedly been an "escapee". The new sentence expiration date so set was October 8, 1980.

Following the passage of the original sentence expiration date of March 22, 1977, the defendant filed a petition for a writ of habeas corpus, alleging that his detention beyond that date, by administrative act, was unlawful. The Superior Court denied the writ on the ground that an order entered by a Judge of the Superior Court in *State v. Quinn,* Del.Super., 1301 Cr.A. 1971 and 1647 Cr.A. 1971 (2/27/76)[2] was, in effect, a general judicial order to correctional authorities to administratively extend the sentences of escapees by the period of their escapes; and that prisoners challenging the recomputation of their sentences as a result of an escape could obtain a judicial review of the recomputation by petition for habeas corpus or motion for correction of sentence.

1. The Trial Judge stated as a fact, however, that the defendant had been out of the custody of the correctional authorities from September 1, 1972 to April 8, 1976.

2. In a letter opinion in *Quinn,* an escape case, the Court gave specific instructions for the recomputation of a sentence by the correctional authorities as follows:

"As I understand it, [the defendant's] time to finish out the sentences imposed * * * was computed as if he had actually served the time he was an escapee, and he even received some credit for good behavior. Such a method of computation is erroneous. The serving of an escapee's sentence is interrupted by his escape and does not begin to run again until he returns to custody.

"In this case, [the defendant] * * * is entitled to no credit toward his jail sentence for the time he was a fugitive from justice by reason of his status as an escapee.

"Please recompute [the defendant's] sentences accordingly and let me have a copy of the recomputation so that I may have the exact expiration date in mind when I sentence him * * * for a robbery he committed two days after his escape * * *.

"It is most important that all other sentences which have been interrupted by an escape (of more than 24 hours duration) be recomputed in a similar fashion. If you have any problem with these matters, they should be taken up with the Deputy Attorney General who acts as advisor to the Department of Corrections."

## II.

The Judges of this State are required by Statute to state the dates of commencement and termination of a sentence. 11 *Del.C.* § 3901(a).[3] Such judicial act may not be altered administratively. We hold that the reforming of a Superior Court sentence, after return from an escape, remains a judicial function which may not be delegated by the Court to be performed administratively by the Correctional Authorities. This ruling is consistent with the view expressed by this Court in *Frye v. State,* Del.Supr., 236 A.2d 424, 425 (1967): "We note with approval the statement * * * of the Superior Court * * * that, in the future, in similar circumstances [of escape], the extension of termination dates will be by action of the Superior Court rather than by mere refusal to release by the Correctional Authorities."

    *     *     *     *     *     *

Reversed and remanded with instructions to reform the sentence within 30 days, or release the defendant forthwith upon the expiration of that period.

---

**3.** 11 *Del.C.* § 3901(a) provides: "When imprisonment is a part of the sentence, the term shall be fixed, and the time of its commencement and ending specified. * * * "