Anderson BROWN, Defendant Below, Appellant,

v.

STATE of Delaware, Petitioner Below, Appellee.

No. 437,2001.

Supreme Court of Delaware.

Submitted: Feb. 12, 2002.
Decided: March 11, 2002.

Nicole M. Walker, Esquire and Michelle L. Pard, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Loren C. Meyers, Esquire and Daniel R. Miller, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before WALSH, HOLLAND and STEELE, Justices.

HOLLAND, Justice:

This is an appeal by the defendant-appellant, Anderson Brown, from a judgment of the Superior Court. Brown was sentenced to be incarcerated at Level V. That sentence was imposed following a violation of probation hearing.

Brown has raised four arguments on appeal. First, he contends that the Superior Court's sentence is illegal because it is indefinite.[1] Second, he argues that the Superior Court's sentence is illegal because it denies him credit for time he served when actually incarcerated.[2] Third, Brown submits that the Superior Court's sentence violates the double jeopardy provisions in both the United States Constitution and Delaware Constitution because punishment already exacted by time served was not fully credited toward his sentence. Fourth, Brown claims that the Superior Court's sentence denies him equal protection of the laws by using an arbitrary classification to treat him differently from similarly situated probation offenders.

The State acknowledges that Brown's first two contentions are meritorious. Accordingly, the State joins Brown in asking this Court to remand the matter to the

---

1. Del.Code Ann. tit. 11, § 3901(a) (2001).

2. *Cf.* tit. 11, § 3901(c).

Superior Court for resentencing. We have independently determined that Brown's first two arguments are correct. We have also concluded that Brown's other two arguments should be addressed by the Superior Court in the first instance on remand.

*Facts*

On July 20, 1998, Brown entered a plea to Robbery in the Second Degree. The Superior Court sentenced Brown to five years at Level V suspended for time served, followed by six months at Level IV in the Plummer Center, followed by twelve months Level III with the balance at Level II. The record reflects that between the date of his original sentence and November 15, 2000, Brown was incarcerated for a total of one year, three months and twenty days.

On November 29, 2000, Brown was found in violation of his probation and was resentenced as follows:

> Effective November 15, 2000, the defendant is placed in the custody of the Department of Correction at supervision Level V for a period of 5 years with credit for time served suspended after time served plus six months for the balance at Level IV, suspended after 1 year work release or suspended after defendant has worked consecutively for 6 months for balance at Level III.[H]old defendant at Level V.

Thereafter, Brown was sent to the Sussex County Violation of Probation Center ("VOP Center") by the Department of Correction ("DOC") on two different occasions. He was sent there initially while he was waiting for bed space at the Level IV work release program. His first stay at the VOP Center was from early January 2001 until he was returned to the Sussex Correctional Institution ("SCI") when an administrative warrant was filed on February 7, 2001.

On March 28, 2001, a Violation of Probation hearing was held. At the conclusion of the March 28th hearing, the Superior Court dismissed the violation charges holding "that it was unnecessary for this matter to be treated as a violation of probation." The Superior Court noted that because the DOC had classified Brown at Level V it "had its own authority as an internal classification matter to deal with [the misconduct] internally."

After the March 28th hearing, Brown remained in the custody of the DOC. On May 10, 2001, Brown was again transferred to the VOP Center. On June 21, 2001, the DOC once again returned him to the SCI and issued an administrative warrant.

Another Violation of Probation hearing was held by the Superior Court on August 8, 2001. At the August 8th hearing, Brown asked the Superior Court to dismiss the violation as it had at the March 28th hearing. Brown argued that the VOP Center constitutes incarceration "regardless of the administrative labels placed on the offender by the DOC." In response to Brown's Motion to Dismiss, a Probation Officer informed the Superior Court that the VOP Center maximized bed space for inmates waiting to begin their Level IV programs and that was the reason Brown was there. The Probation Officer also stated that Brown was classified at Level IV during his most recent stay at the VOP Center. The Superior Court denied Brown's Motion to Dismiss.

At the conclusion of the August 8th hearing, Brown was found to be in violation of his probation. The Superior Court asked the DOC for guidance as to "the date of incarceration for purposes of the new sentence order." Brown was then sentenced as follows: "Effective June 21, 2001, the defendant is placed in the custody of the Department of Correction at

supervision Level V for the unserved balance of his sentence."

### Term of Incarceration

■ Brown's first argument is that his sentence violates title 11, section 3901(a) of the Delaware Code because it does not specify when his term of incarceration shall end. On August 8, 2001, the Superior Court ordered Brown to be incarcerated "for the unserved balance of [his] sentence." [3] The effective date of the sentence was set at June 21, 2001. Although the sentence established a starting point, June 21, 2001, it failed to specify the length of the term of Brown's incarceration or the time that the term shall end.

The applicable Delaware statute provides that "[w]hen imprisonment is a part of the sentence, the term shall be fixed, and the time of its commencement and ending specified." [4] The State agrees that Brown's sentence is deficient under section 3901 because the trial judge failed to specify either the length or the ending date of Brown's prison term. This Court has independently reached the same conclusion. [5]

Approximately twenty-five years ago, this Court noted that Delaware judges are "required by statute to state the dates of commencement and termination of a sentence." [6] We also held that reformation of a sentence, after a return from escape, remains a judicial function that may not be delegated to be performed administratively by correctional authorities. [7] That same principle applies to sentencing following a finding that there has been a violation of probation.

### Time Served Credit

■ Brown's second argument relates to the amount of credit he should receive for prior periods of incarceration. [8] After the August 8th hearing, the remaining term of Brown's incarceration was calculated by the DOC as three years, eight months and ten days. This was based on the inclusion of only the one year, three months and twenty days that Brown had served on his sentence prior to November 15, 2000.

The record reflects, however, that Brown had been incarcerated at Level V from November 15, 2000 through May 9, 2001. Neither the August 8th sentencing order nor the subsequent calculation by the DOC reflects credit to Brown for that period of incarceration. The State agrees with Brown that this period of Level V incarceration—from November 15, 2000 to May 9, 2001—must be credited towards his sentence. We have independently reached the same conclusion. [9]

### Other Contentions

Brown's Reply Brief argues that he should also receive credit for the time he served at the VOP Center from May 10, 2001 to June 20, 2001. Brown argues that the DOC made an arbitrary decision to classify him at Level IV during his confinement at the VOP Center from May 10, 2001 through June 20, 2001. According to Brown, that decision violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Brown also argues that denying him

---

3. *State v. Brown*, Del.Super., No. 9801000652 (Aug. 8, 2001).

4. Del.Code Ann. tit. 11, § 3901(a) (2001).

5. *James v. State*, 385 A.2d 725, 727 (Del. 1978); *see Faircloth v. State*, 522 A.2d 1268, 1270–71 (Del.1987).

6. *James v. State*, 385 A.2d at 727.

7. *Id.*

8. *See* Del.Code Ann. tit. 11, § 4334(c) (2001).

9. *James v. State*, 385 A.2d 725, 727 (Del. 1978).

credit for that period of confinement at the VOP Center violates the double jeopardy provisions in the United States Constitution and Delaware Constitution. We have concluded that those arguments should be addressed by the Superior Court upon remand.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this opinion. The mandate shall issue immediately.