**Francis McCOY, Jr., Plaintiff Below, Appellant,**

v.

**STATE of Delaware, Defendant Below, Appellee.**

Supreme Court of Delaware.

April 26, 1971.

Michael F. Tucker, Asst. Public Defender, Wilmington, for appellant.

Richard R. Wier, State Prosecutor, Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the dismissal of a petition for a writ of habeas corpus. We are asked to determine whether the appellant was legally recommitted to prison by the Board of Parole.

On October 8, 1951, the appellant was sentenced to 25 years for second degree murder. Subsequently, his sentence was commuted to 23 years. On July 9, 1963, he was paroled. The parole papers indicated that parole supervision would be

terminated on July 4, 1967. This was a mistake since that date was McCoy's short-time termination date which came about by reason of 11 Del.C. §§ 4371 and 4372 permitting a reduction in a period of confinement by virtue of good behavior. The Parole Board's control over a parolee actually continues until the expiration of his maximum sentence; in McCoy's case, October 8, 1974. Spurlin v. Department of Corrections, Del.Supr., 230 A.2d 276 (1967); Lockwood v. Rhodes, Del.Super., 11 Terry 287, 129 A.2d 549 (1957).

While on parole, McCoy, in 1963, plead guilty to a charge of drunkenness on a public highway. This violation resulted in the revocation of his parole and his recommitment to prison. After numerous petitions to the courts, McCoy was permitted to withdraw his guilty plea of 1963 and, in July, 1968, the drunkenness charge was *nolle prossed*. The Parole Board thereupon released McCoy and reinstated his parole. No parole papers accompanied this reinstatement. Later, in 1968, McCoy again was charged with drunkenness and the Parole Board returned him to custody to serve the remainder of his sentence.

The lower court held that the Parole Board's control over McCoy continued until the expiration of his maximum sentence. McCoy does not question this ruling on his appeal. Rather, he argues for the first time that the doctrine of equitable estoppel precludes the Board of Parole from reincarcerating him after July 4, 1967.

■ McCoy argues as follows: The parole papers received by him in 1963 clearly indicated that the Board's control over him was to terminate on July 4, 1967. He relied on these papers. Since no new papers accompanied his release in 1968, it was reasonable for him to conclude that his parole period had been terminated on July 4, 1967. Consequently, when he drank more than he should in 1968, he had no idea that he was still on parole. Therefore, it is unfair to revoke his parole and recommit him to serve the remainder of his maximum

sentence because of a minor misdemeanor. Therefore, the Parole Board should be estopped from ordering his recommitment.

■ Since the estoppel argument was not raised below, we need not consider it here. State ex rel. Armour & Co. v. Gulf Sulphur Corp., Del.Supr., 231 A.2d 470 (1967); Rickards v. Rickards, Del.Supr., 3 Storey 134, 166 A.2d 425 (1960). However, it is apparent that an estoppel is not proper under these circumstances. Ordinarily a state is not estopped in the exercise of its governmental functions by the acts of its officers. Comptroller of the Treasury v. Atlas General Industries, 234 Md. 77, 198 A.2d 86 (1964). Estoppel is particularly inappropriate in criminal cases where the welfare and safety of the community are the paramount considerations. State v. Abbott, 36 N.J. 63, 174 A.2d 881 (1961).

The judgment below is affirmed.