**Cecil La'Roy HALL, Petitioner Below–Appellant,**

v.

**Warden Sherese Brewington CARR of the Multi–Purpose Criminal Justice Facility, and M. Jane Brady, Attorney General of the State of Delaware, Respondents Below–Appellees.**

No. 282, 1996.

Supreme Court of Delaware.

Submitted: March 17, 1997.
Decided: April 9, 1997.

Cecil La'Roy Hall, Wilmington, pro se.

William E. Molchen, Deputy Attorney General, Department of Justice, Wilmington, for appellees.

Bernard J. O'Donnell, Assistant Public Defender, Office of Public Defender, Wilmington, court-appointed amicus curiae.

Before WALSH, HOLLAND, and HARTNETT, JJ.

WALSH, Justice:

The appellant, Cecil La'Roy Hall ("Hall"), filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The sole issue that Hall raises is whether the Board of Parole ("the Board") had authority to revoke his parole for committing new crimes when the crimes allegedly occurred while Hall was on probation,

*before* his term of parole started. Hall contends that, under 11 *Del.C.* § 4352(g), the Board did not have jurisdiction to revoke his parole prior to the commencement of his parole term. Consequently, Hall concludes that his present incarceration for violating parole is illegal.

After considering this matter on the basis of Hall's opening brief and the State of Delaware's answering brief, the Court appointed the Public Defender to file a brief as amicus curiae in support of Hall's position.[1] The parties each filed a response to the position asserted in the amicus brief. After considering all of the submissions, we conclude that, notwithstanding any contention to the contrary, Hall necessarily was on parole at the time he committed the new criminal charges to which he pleaded guilty. Accordingly, the Board's revocation of Hall's parole was warranted, and his present incarceration is proper. We therefore affirm the Superior Court's denial of Hall's habeas corpus petition.

### I.

In 1989, Hall pleaded guilty to two counts of third degree burglary and two counts of receiving stolen property. On January 12, 1990, the Superior Court sentenced Hall to a total term of six years at Level V incarceration,[2] with credit for 104 days for time served, followed by two years at Level III probation and three years at Level II probation. In November 1991, the Board granted Hall parole, in accordance with 11 *Del.C.* § 4346, on the condition that he complete a drug treatment program. In June 1992, Hall completed the program and was released from custody. At the time of his release, correctional staff directed Hall to report to the intake unit of the Probation and Parole Office within seventy-two hours from the time of his release.

Hall contends that he reported to the Probation and Parole Office as instructed. At that time, Hall alleges that he was assigned to Level III probation in order to serve the probationary portion of his January 1990 sentence. Hall further asserts that his parole term was deferred until completion of his probationary sentence. Hall contends that his term of parole, which normally is served at Level II supervision, was deferred pursuant to an administrative policy of the Department of Correction ("DOC"), which requires criminal defendants to serve more restrictive levels of supervision first followed by decreasing levels of supervision.

In July 1992, Hall contends that, at the DOC's request, the Superior Court reduced his Level III probation to Level II probation so that Hall could participate in a noncustodial drug treatment program. In March 1993, Hall was arrested on new criminal charges. In August 1993, the DOC issued a new sentencing status sheet for Hall, which reflected that Hall's probationary sentence was closed and that Hall's parole status became effective, *nunc pro tunc*, as of June 1992. Thereafter the Board of Parole issued a parole violation warrant based on Hall's new criminal charges.

In February 1994, Hall pleaded guilty to four new burglary-related charges. The Superior Court sentenced him to a total term of eight years at Level V incarceration, followed by four years of drug treatment and probation. In June 1994, as a result of his new convictions, the Board revoked Hall's parole, ordered him to serve the balance of his original 1990 sentence, and forfeited his previously accrued good time credit. In March 1996, the Superior Court suspended a substantial portion of Hall's 1994 Level V sentence to

1. The Court gratefully acknowledges the pro bono participation of Bernard J. O'Donnell, Esquire as amicus curiae in this case. His service is in the highest tradition of the Delaware bar.

2. There are five levels of correctional supervision in Delaware, described as follows:
   (i) Level I—unsupervised probation;
   (ii) Level II—field supervision, including one to 50 hours per month of field or office visits;
   (iii) Level III—intensive supervision, including at least one hour of supervision per day and no more than 56 hours of supervision per week;
   (iv) Level IV—partial confinement, including nine or more hours of supervision per day in a setting such as a half-way house or residential treatment facility;
   (v) Level V—full incarceration.

permit Hall to enter a one year residential drug treatment center with additional probation to follow. At the present time, Hall cannot begin the residential drug treatment program because he is imprisoned as a result of the 1994 parole violation, which had the effect of reinstating his 1990 sentence.

## II.

The only contention that Hall raises in his opening brief is that the Board had no authority under 11 *Del.C.* § 4352(g) to revoke his parole based on his commission of new crimes prior to the start of his parole term. Hall's legal argument is predicated on the factual assumption that he was on probation and not parole at the time he committed new offenses in 1993.

The State advances alternative arguments in its answering brief. The State contends that the Superior Court properly denied Hall's petition because habeas corpus is not an appropriate remedy in this case. The State also asserts that Hall's petition fails on its merits on various grounds. First, the State argues that, contrary to Hall's assertion, Hall was serving concurrent terms of probation and parole at the time he was released from custody in June 1992. Alternatively, the State contends that, even if Hall's parole term was deferred when he first was placed at Level III supervision in June 1992, Hall's parole status was reactivated in July 1992 when the Superior Court reduced his supervision to Level II. The State argues that, under either scenario, Hall was on parole at the time he committed new offenses in March 1993 and thus was within the Board's jurisdiction. As a third alternative, the State contends that, even if Hall was not on parole at the time he committed new crimes, the Board still had authority to revoke his parole prior to its actual commencement.

The amicus agrees with Hall that the Board lacked authority to revoke Hall's parole. The amicus contends that, contrary to the State's assertion, Hall could not have been serving his terms of parole and probation concurrently because the Superior Court's 1990 sentencing order did not provide for concurrent sentences. The amicus further asserts that, in July 1992, the Superior Court specifically ordered Hall's supervision at Level II probation and that neither the DOC nor the Board could administratively close Hall's judicially imposed probation and retroactively reinstate his parole status effective as of June 1992.

## III.

■ As a preliminary matter, we agree with the State's contention that habeas corpus is not the appropriate mechanism to review the Board's revocation of Hall's parole in this case. *Moore v. State,* Del.Supr., 171 A.2d 215 (1961). Unlike its federal counterpart, the writ of habeas corpus under Delaware law provides relief on a very limited basis. Habeas corpus provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment. *In re Pitt,* Del.Supr., 541 A.2d 554, 557 (1988). Habeas corpus relief is not available to "[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment." 10 *Del.C.* § 6902(1). In this case, although it was the Board that recommitted Hall to Level V incarceration in 1994 for parole violation, it is pursuant to the Superior Court's 1990 sentencing order that Hall presently is detained. That term of imprisonment is valid on its face. Therefore, Hall is not entitled to seek habeas corpus relief. *See Curran v. Woolley,* Del.Supr., 104 A.2d 771, 773 (1954).

Nonetheless, in light of the Superior Court's alternative ruling on the merits of Hall's claim, we also will review the merits of Hall's claim in the interest of justice.

## IV.

It is undisputed in this case that, after serving about two years of the Level V portion of his 1990 sentence, the Board granted Hall parole in November 1991 on the condition that he complete a drug treatment program. Hall completed the program in June 1992. DOC officials then released Hall into the community at Level III supervision.

■ Under Delaware law, a prisoner who is paroled remains on parole until the maximum expiration of his prison sentence unless the Board discharges him earlier. 11 *Del.C.* § 4347(i); *Semick v. Department of Corrections,* Del.Supr., 477 A.2d 707, 709 (1984); *McCoy v. State,* Del.Supr., 277 A.2d 675, 676 (1971). In this case, Hall's 1990 Level V sentences, when aggregated, had a maximum expiration date of January 1996 (less 104 days for time served). Therefore, when Hall committed new crimes in 1993, he still was serving his parole term, which began in November 1991 and would not end, as a matter of law, until the autumn of 1995.

Moreover, Hall could not have been serving concurrent terms of probation and parole after the DOC released him in June 1992. The Superior Court's 1990 sentencing order specifically imposed Hall's Level III and Level II probationary sentences consecutive to Hall's Level V prison term. Hall therefore could not have begun to serve his probation until he reached the maximum expiration date of his Level V sentence, which would not have occurred until the autumn of 1995.

■ Consequently, the DOC's characterization of Hall's release from custody in June 1992 as "probation" clearly was incorrect. The record reflects that Hall obtained early release from his level V incarceration solely through the Board's grant of parole in November 1991, which was contingent upon Hall's completion of a treatment program. When the DOC released Hall from the treatment program upon his completion, Hall was on parole and was required by law to remain on parole under the supervision and jurisdiction of the Board of Parole until the maximum expiration date of his prison term. The DOC simply had no authority to rearrange Hall's judicially imposed sentences in order to permit Hall to serve his Level III probation before Hall served the remainder of the parole term associated with his level V prison sentence. *See James v. State,* Del.Supr., 385 A.2d 725, 727 (1978). Thus, the Superior Court's action in July 1992 reducing Hall's Level III probation to Level II probation was premature because Hall had not yet begun to serve his probationary sentence as he had not yet completed his term of parole.

■ The DOC's error in placing Hall on a probationary status has no estoppel effect. *See McCoy v. State,* Del.Supr., 277 A.2d 675, 676 (1971). Only the Superior Court, by modifying Hall's level V sentence, or the Board of Parole, by finally discharging Hall's parole under 11 *Del.C.* § 4347(i), had authority to release Hall from his parole term prior to its maximum expiration date. The DOC lacked authority, as a matter of law, to alter administratively or defer Hall's parole status in June 1992 in order to permit Hall to serve his level III probation. *James v. State,* 385 A.2d at 727.

■ We find it manifest in this case that Hall was on parole at the time he committed new offenses in 1993. Accordingly, the Board's revocation of Hall's parole was justified and his present incarceration is entirely proper. The judgment of the Superior Court therefore is AFFIRMED.