JOSE A. GONZALEZ, Petitioner Below-Appellant,
v.
PHIL MORGAN, Respondent Below-Appellee.
No. 402, 2008
Supreme Court of Delaware.
Submitted: November 7, 2008
Decided: December 22, 2008
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice.
This 22nd day of December 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Jose A. Gonzalez, filed an appeal from the Superior Court's July 18, 2008 order denying his petition for a writ of habeas corpus. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In August 2003, Gonzalez was arrested and charged with Misdemeanor Shoplifting, Failure to Transfer Title and Registration, and Driving While Suspended or Revoked. Because of Gonzalez' repeated failure to appear in court, the charges remained unresolved for over four years. In November 2007, Gonzalez was arrested on two new charges of Felony Shoplifting. Gonzalez subsequently pleaded guilty in the Superior Court to one count of Felony Shoplifting and was sentenced to 2 years at Level V, to be suspended after 90 days for 12 months at Level III. In order to resolve his previous charges, Gonzalez also pleaded guilty in the Court of Common Pleas to Misdemeanor Shoplifting and Driving While Suspended or Revoked in exchange for dismissal of the charge of Failure to Transfer Title and Registration. He was sentenced on the shoplifting conviction to 6 months at Level V and, on the conviction of driving with a suspended license, to 60 days at Level V.
(3) In this appeal, Gonzalez claims that there is an outstanding warrant for the arrest of his brother, Jesus A. Gonzalez, in Pennsylvania. He alleges that he and his brother are almost identical in appearance and that his brother has used his name as an alias. Gonzalez anticipates that, once his sentence in Delaware is completed, he will continue to be detained because of a misunderstanding that he, and not his brother, is the subject of the arrest warrant. In his petition for a writ of habeas corpus filed in the Superior Court, Gonzalez sought the issuance of an order preventing him from being detained beyond the date of his Level V sentence.
(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[1] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[2] "Habeas corpus relief is not available to `[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[3]
(5) In this case, Gonzalez presents no evidence that the charges brought against him in Delaware were invalid or that the Superior Court did not have jurisdiction over those charges. Rather, he requested the Superior Court to issue an order, prospectively, preventing an arrest warrant applicable to his brother from being used by the Delaware authorities to interfere with his release date. Because Gonzalez' request does not fall within the proper scope of a writ of habeas corpus, the Superior Court properly denied his petition.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[2] Id.
[3] Id. (quoting Del. Code Ann. tit. 10, § 6902(1)).