JAMES PETHEL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 577, 2008.
Supreme Court of Delaware.
Submitted: January 26, 2009.
Decided: April 6, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY duPONT RIDGELY, Justice.
This 6th day of April 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, James Pethel, filed an appeal from the Superior Court's October 30, 2008 denial of his petition for a writ of habeas corpus. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that, in June 2006, a Delaware grand jury indicted Pethel on the charge of Arson in the Second Degree. Pethel was serving a sentence in Pennsylvania at the time of the indictment. In or about March 2007, Pethel waived extradiction and was returned to Delaware under the Interstate Agreement on Detainers ("IAD").[2] In May 2008, Pethel pleaded guilty in the Superior Court to Arson in the Second Degree. He was sentenced to 7 years incarceration at Level V, to be suspended after 6 months for Level IV work release and decreasing levels of probation.[3]
(3) Pethel subsequently filed a petition for a writ of habeas corpus in the Superior Court, seeking to be returned to custody in Pennsylvania. Following a hearing, the Superior Court denied Pethel's petition on the ground that he had failed to state a claim upon which relief may be granted.[4]
(4) In his appeal from the Superior Court's denial of his petition for a writ of habeas corpus, Pethel claims that a) he was denied the opportunity to properly present his petition; b) he was not provided a transcript of the hearing at State expense; c) he received ineffective assistance of counsel; and d) the State breached the terms of the plea agreement.
(5) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[5] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[6] "Habeas corpus relief is not available to `[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[7]
(6) Pethel has not demonstrated that he was being held pursuant to an invalid commitment at the time he filed his habeas petition or that the Superior Court lacked jurisdiction to accept his guilty plea and impose sentence. As such, the Superior Court properly determined that Pethel is not entitled to habeas corpus relief under Delaware law. Pethel's claim that he should have been provided a transcript of the hearing on his habeas corpus petition is without merit. We find no abuse of discretion on the part of the Superior Court in denying Pethel's request for a transcript at State expense. Because Pethel's final two claims were not presented to the Superior Court in the first instance, we decline to address them in this appeal.[8]
(7) It is manifest on the face of Pethel's opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 11, § 2540 et seq.
[3] The sentencing order reflects an effective date of March 8, 2007, the date Pethel was incarcerated in Pennsylvania. As a result, Pethel received credit not only for the time he served in Delaware awaiting disposition of the Delaware charges under the IAD, but also for the time he served in Pennsylvania.
[4] It appears that Pethel was returned to Pennsylvania custody on November 3, 2008.
[5] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[6] Id.
[7] Id. (quoting Del. Code Ann. tit. 10, § 6902(1)).
[8] Supr. Ct. R. 8.