BEVERLY THOMPKINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 538, 2009.
Supreme Court of Delaware.
Submitted: October 7, 2009.
Decided: November 2, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 2nd day of November 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Beverly Thompkins, filed an appeal from the Superior Court's August 31, 2009 order denying her petition for a writ of habeas corpus. The plaintiff-appellant, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that Thompkins was arrested in November 2008. The Court of Common Pleas, which initially had jurisdiction over her charges, ordered Thompkins to undergo a psychiatric examination at the Delaware Psychiatric Center ("DPC") to determine her competency to participate in the trial proceedings. In December 2008, the examining psychiatrist concluded that Thompkins was not competent to participate in the trial proceedings at that time.
(3) In January 2009, Thompkins' charges were transferred to the Superior Court and Thompkins was indicted on charges of Possession of a Deadly Weapon By a Person Prohibited, Carrying a Concealed Deadly Weapon, and Criminal Trespass in the Second Degree. Thompkins' appointed counsel was sent a copy of the psychiatric evaluation and asked to submit additional evidence or request a hearing within 10 days.[2] Thompkins' attorney filed a motion to have her transported to the DPC, stating that he did not believe she was able to participate in the arraignment or case review process. In March 2009, the Superior Court granted the motion. In July 2009, another report was filed by the examining psychiatrist opining that Thompkins still was not competent to participate in pretrial proceedings.
(4) In August 2009, Thompkins filed a petition for a writ of habeas corpus alleging that she was being illegally detained. The Superior Court denied her petition on the following grounds: a) Thompkins' claim that she had not been indicted was factually incorrect; and b) since early 2009, Thompkins' case had been placed on a special calendar to monitor her progress and, based upon the latest evaluations from the DPC, Thompkins still was not competent to participate in pretrial proceedings. The Superior Court added that Thompkins' case was "progressing" and that care was "being taken to appropriately address the particular issues the petitioner presents."
(5) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[3] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] "Habeas corpus relief is not available to `[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[5]
(6) The record reflects that Thompkins has been indicted and that the charges against her have been plainly and fully set forth therein. Moreover, the Superior Court has statutory authority to order a defendant to undergo evaluation at the DPC until he or she "is capable of standing trial."[6] Finally, the record reflects that the Superior Court is properly monitoring Thompkins' status by placing her case on a special calendar requiring regularly-scheduled psychiatric examinations in accordance with the relevant statutory provisions. As such, Thompkins' petition for a writ of habeas corpus must be denied.
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Del. Code Ann. tit. 11, §404(a).
[3] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[4] Id.
[5] Id. (quoting Del. Code Ann. tit. 10, §6902(1)).
[6] Del. Code Ann. tit. 11, §404(a).