RANDOLPH E. WAYMAN, Petitioner Below, Appellant,
v.
STATE OF DELAWARE, Respondent Below, Appellee.
No. 130, 2010.
Supreme Court of Delaware.
Submitted: March 22, 2010.
Decided: April 9, 2010.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 9th day of April 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Randolph E. Wayman, filed an appeal from the Superior Court's March 1, 2010 denial of his petition for a writ of habeas corpus. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wayman's opening brief that the appeal is without merit. We agree and AFFIRM.
(2) On May 8, 2008, Wayman pled guilty to a drug offense and second degree conspiracy and was sentenced, on the drug offense, to three years at Level V, suspended after one year/successful completion of the Level V Key Program, for twelve months at Level III probation. On the second degree conspiracy conviction, Wayman was sentenced to two years at Level V suspended for one year at Level III probation.[1]
(3) In July 2009, Wayman was charged with violation of probation. After a hearing on July 31, 2009, Wayman was adjudged guilty of violation of probation. On the conspiracy conviction, Wayman's probation was terminated, and he was discharged as unimproved. On the drug conviction, Wayman was sentenced to one year at Level V boot camp followed by one year at Level III aftercare.
(4) On February 26, 2010, Wayman filed a petition for a writ of habeas corpus. Wayman alleged that he was being unlawfully detained at Level V as a result of the Department of Correction's refusal to transfer him to boot camp.[2] By order dated March 1, 2010, the Superior Court denied Wayman's habeas corpus petition. This appeal followed.
(5) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[3] After a judgment of conviction and sentencing, the only issues to be decided on a petition for a writ of habeas corpus are the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment.[4]
(6) In this case, Wayman has not demonstrated that he is entitled to habeas corpus relief. The Superior Court had jurisdiction on July 31, 2009 to adjudge Wayman guilty of violation of probation and to sentence him on the drug conviction to one year at Level V boot camp followed by one year at Level III aftercare. By order dated March 1, 2010, the Superior Court denied Wayman's February 26, 2010 habeas corpus petition after determining that he was not being illegally detained. We can discern no error in the Superior Court's denial of the habeas corpus petition.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] State v. Wayman, Del. Super., Cr. ID No. 0712028380 (May 8, 2008) (sentencing). The docket reflects that the sentence was later modified.
[2] The docket reflects that the July 31, 2009 sentence was modified on March 26, 2010 to vacate the boot camp portion of the sentence and replace it with one year and six months at Level V suspended for one year at Level III probation.
[3] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[4] Curran v. Woolley, 104 A.2d 771, 773 (Del. 1954).