BRIAN I. CAMMILE, Petitioner Below-Appellant,
v.
STATE OF DELAWARE, Respondent Below-Appellee.
No. 89, 2010.
Supreme Court of Delaware.
Submitted: April 19, 2010.
Decided: May 19, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 19th day of May 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The petitioner-appellant, Brian I. Cammile, filed an appeal from the Superior Court's December 29, 2009 and January 28, 2010 orders dismissing his petitions for a writ of habeas corpus. The respondent-appellee, the State of Delaware, has moved to affirm the Superior Court's judgments on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In 1995, the grand jury indicted Cammile on charges of robbery, burglary, assault, and related offenses. In September 1996, Cammile pleaded guilty to one count of Attempted Robbery in the Second Degree. He was sentenced to 4 years of incarceration at Level V, to be suspended for 4 years at Level IV Home Confinement, in turn to be suspended after 6 months for decreasing levels of supervision. Cammile did not appeal his conviction or sentence.
(3) In 2005, the grand jury again indicted Cammile, this time on charges of burglary, conspiracy, unlawful use of a credit card, and theft. In February 2006, Cammile pleaded guilty to two counts of Burglary in the Second Degree, two counts of Conspiracy in the Second Degree, one count of Theft, and one count of Unlawful Use of a Credit Card. Cammile admitted that he was eligible for sentencing as a habitual offender under Del. Code Ann. tit. 11, §4214(a). He was sentenced to 24 years of incarceration at Level V, to be suspended after 16 years for decreasing levels of supervision.
(4) In March 2009, Cammile filed a motion for postconviction relief in the Superior Court on grounds relating to his 1996 guilty plea. The Superior Court's denial of the motion was affirmed by this Court.[2] Cammile then filed two petitions for a writ of habeas corpus in the Superior Court, also on grounds relating to his 1996 guilty plea. Cammile has now appealed the Superior Court's dismissal of his two petitions for a writ of habeas corpus.
(5) In his appeal, Cammile claims that a) the Superior Court should have held an evidentiary hearing to consider the claims made in his petitions; b) because his 1996 guilty plea was defective, it could not properly be counted as a predicate felony in support of his habitual offender status; and c) his attorney provided ineffective assistance in connection with his 2006 guilty plea.
(6) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[3] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] "Habeas corpus relief is not available to `[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[5]
(7) Because Cammile was sentenced both in 1996 and 2006 by a court of competent jurisdiction and there is no evidence of any irregularity in the commitments, there is no basis for habeas corpus relief. As such, the Superior Court neither abused its discretion nor committed legal error when it denied Cammile's request for an evidentiary hearing and when it denied his petitions for a writ of habeas corpus.
(8) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgments of the Superior Court are AFFIRMED.
BY THE COURT:
NOTES
[1] Supr. Ct. R. 25(a).
[2] Cammile v. State, Del. Supr., No. 457, 2009, Berger, J. (Oct. 20, 2009).
[3] Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).
[4] Id.
[5] Id. (quoting Del. Code Ann. tit. 10, §6902(1)).