IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS J. LOPEZ, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 153, 2015 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | C.A. No. N15M-03-061 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: April 27, 2015
Decided: April 29, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 29th day of April 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the appellant's response,[1] it appears to the Court that:

(1) The appellant, Carlos Lopez, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lopez's opening brief that his appeal is without merit. We agree and affirm.

---

[1] On April 27, 2015, the appellant filed a motion requesting to respond to the State's motion to affirm. The Court hereby grants the appellant's request.

(2)     A Superior Court jury convicted Lopez in February 2006 of one count of Rape in the Second Degree. The Superior Court declared Lopez to be a habitual offender and sentenced him to life imprisonment on April 21, 2006. His conviction and sentence were affirmed on direct appeal.[2] Thereafter, Lopez filed three unsuccessful petitions for postconviction relief under Superior Court Criminal Rule 61.

(3)     On March 12, 2015, Lopez filed a petition for a writ of habeas corpus arguing that the indictment against him was defective because he was convicted of raping a different victim than the one named in the indictment. In support of his contention, Lopez cites to this Court's opinion on his direct appeal, which refers to the victim by a name that is different from the name used in the indictment. The Superior Court denied the writ. This appeal followed

(4)     After careful consideration of appellant's opening brief and the State's motion to affirm, we find it manifest that the judgment of the Superior Court should be affirmed. In Delaware, the writ of habeas corpus is very limited and only provides relief to obtain judicial review of the jurisdiction of the court ordering the prisoner's commitment.[3] In this case,

---

[2] *Lopez v. State*, 2006 WL 3759398 (Del. Dec. 22, 2006).
[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

2

the Superior Court's commitment of Lopez is valid on its face, and Lopez is being held pursuant to that valid commitment.[4] Thus, there is no basis for a writ of habeas corpus. Moreover, our opinion on Lopez's direct appeal clearly states that the Court was using pseudonyms to refer to the victim and another witness because of their young age.[5] There is no support for Lopez's contention that the indictment against him was defective.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[4] 10 *Del. C.* § 6902(1).

[5] *Lopez v. State*, 2006 WL 3759398, n.1 (Del. Dec. 22, 2006).