IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL M. GRIMES, | § | |
| | § | No. 610, 2015 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | C.A. No. N15M-03-061 |
| STATE OF DELAWARE, | § | Cr. ID 1108023033 |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: November 20, 2015
Decided: December 31, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 31st day of December 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Russell Grimes, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Grimes's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 2013, a Superior Court jury convicted Grimes and his codefendant William Sells of first degree robbery and related offenses. This Court reversed

both codefendants' convictions and remanded their cases to the Superior Court.[1] Presently, Grimes's retrial is scheduled for April 4, 2016. Grimes is being held in prison pending retrial.

(3)    Grimes filed a petition for habeas corpus on October 28, 2015, asserting that he is entitled to be released from incarceration because the State is barred by double jeopardy principles from retrying him. The Superior Court denied the writ on November 2, 2015. This appeal followed

(4)    After careful consideration of Grimes's opening brief and the State's motion to affirm, we find it manifest that the judgment of the Superior Court should be affirmed. In Delaware, the writ of habeas corpus is very limited and only provides relief to obtain judicial review of the jurisdiction of the court ordering the prisoner's commitment.[2]    In this case, the Superior Court's commitment of Grimes is valid on its face, and Grimes is being held pursuant to that valid commitment.[3] Thus, there is no basis for a writ of habeas corpus.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[1] *Grimes v. State*, 2015 WL 2231801 (Del. May 12, 2015); *Sells v. State*, 109 A.3d 568 (Del. 2015).

[2] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[3] 10 *Del. C.* § 6902(1) (2013).

2