IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK F. COURTNEY, §
§ No. 432, 2016
Petitioner Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ C.A. No. S16M-07-013
STATE OF DELAWARE, §
§
Respondent Below, §
Appellee. §

Submitted: January 12, 2017
Decided: March 15, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices

**O R D E R**

This 15th day of March 2017, having considered the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)    The appellant, Mark F. Courtney, filed this appeal from the Superior Court's order dated July 20, 2016, denying his petition for a writ of habeas corpus. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)    On June 19, 2013, Courtney pled guilty to Child Pornography and Possession of Child Pornography and was sentenced to a total of eighteen years of Level V incarceration suspended after three years and successful completion of the

Family Problems Program (now known as Transitions Sex Offender Program) for decreasing levels of supervision.[1] Since his sentencing in 2013, Courtney has written to the Superior Court numerous times, complaining that he has not been placed in the sex offender program.

(3) In response to a letter submitted in November 2014, the Superior Court judge who presided over Courtney's guilty plea and sentencing issued a letter order advising Courtney:

> The Department of Corrections has advised that you have received 6 write ups in 2014. Therefore, you are not eligible for classification into the program until your behavior improves. I suggest you think about the consequences of your actions. I shall not reward you for repetitive negative behavior. To the extent you are seeking a modification of sentence, it is denied.[2]

In letter orders issued after that, the judge advised Courtney that the Department of Correction is responsible for determining when an offender can be classified to a program.[3] And in October 2015, the judge issued a letter order advising Courtney that when the Department of Correction has determined that he has completed the court-ordered program, he will have satisfied the unsuspended Level V portion of his sentence.[4]

---

[1] The Court has taken judicial notice of the Superior Court case docket and sentence imposed in *State v. Courtney*, Del. Super., Cr. ID No. 1210007303.
[2] *Id.* Docket at 18 (Nov. 24, 2014) (letter order).
[3] *Id.* Docket at 20 (Dec. 19, 2014) (letter order); docket at 22 (Aug. 5, 2015) (letter order).
[4] *Id.* Docket at 24 (Oct. 15, 2015) (letter order).

(4)     On July 19, 2016, Courtney filed a petition for a writ of habeas corpus.  Courtney claimed that he was being unlawfully detained at Level V because the Department of Correction had not granted him access to the sex offender program within the first three years of his sentence.  By order dated July 20, 2016, the Superior Court denied the petition after determining that Courtney had not completed the sex offender program because of his "repetitive, negative behavior," and that he was not being illegally detained.  This appeal followed.

(5)     Under Delaware law, the writ of habeas corpus provides relief on a limited basis.[5]  After a judgment of conviction and the imposition of sentence, habeas corpus relief is available only to ensure that the prisoner is being held under a legally valid commitment issued by a court of competent jurisdiction.[6]  Habeas corpus is not used "to explore the reasons for classification within the prison system in any of its programs."[7]

(6)     Courtney does not question the Superior Court's subject matter jurisdiction over the charged offenses or the court's authority to accept his guilty plea and to impose sentence.  Courtney's sentence requires that he successfully complete the Transitions Sex Offender Program, which he has not done.  Courtney

---

[5] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997) (quoting 10 *Del. C.* § 6902(1)).
[6] *Dorbolo v. Sullivan*, 450 A.2d 1185, 1186 (Del. 1982).
[7] *Id.*

continues to be held under that valid commitment. The Court concludes that the Superior Court's summary denial of habeas corpus relief was correct.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

4