IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JIMVONTE CHRISDEN, | § | |
| | § | No. 237, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N22M-06-092 |
| STATE OF DELAWARE, | § | Cr. ID No. 2008012712 (N) |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 7, 2022
Decided: January 13, 2023

Before **SEITZ**, Chief Justice**; VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1) The appellant, JimVonte Chrisden, filed this appeal from the Superior Court's order, dated June 17, 2022, denying his petition for a writ of habeas corpus. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Chrisden's opening brief that his appeal is without merit. We agree and affirm.

(2) In August 2020, police officers arrested Chrisden on charges of attempted first-degree murder, possession of a firearm during the commission of a felony, two counts of possession of a firearm by a person prohibited ("PFBPP"), and first-degree conspiracy. A grand jury indicted Chrisden in March 2021. The Superior Court later scheduled trial to begin on February 1, 2022. Chrisden's

counsel filed a motion to suppress evidence. Before the hearing on the suppression motion, the court ordered Chrisden to undergo a psychiatric/psychological examination to assess his competence to stand trial. A report of the examination was filed on June 1, 2022, and after a hearing, a Superior Court Commissioner found Chrisden competent to stand trial. The court later scheduled trial to begin on February 6, 2023.

(3) On June 13, 2022, Chrisden filed a petition for a writ of habeas corpus. Chrisden alleged that the police had detained him based on an illegal, warrantless search and seizure of his person, DNA, and phone. The Superior Court denied the petition, finding that Chrisden was legally detained. Chrisden has appealed to this Court, claiming, as he did in the Superior Court, that he was illegally detained based on an illegal, warrantless search and seizure of his person, DNA, and phone.

(4) "[T]he writ of habeas corpus under Delaware law provides relief on a very limited basis."[1] Specifically, it provides a prisoner with a means of challenging an allegedly unlawful detention on the basis that the court ordering the commitment lacked jurisdiction.[2] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[3]

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[2] *Id.*
[3] *Id.* (quoting 10 *Del. C.* § 6902(1)) (alteration in original).

(5)     The Superior Court did not err by denying Chrisden's petition.  When Chrisden sought habeas relief, he was detained on felony charges;[4] he did not contend that the committing court lacked jurisdiction over the subject matter.  A petition for habeas corpus was not the appropriate means of asserting his Fourth Amendment claims.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] The Superior Court record reflects that Chrisden resolved the charges against him by pleading guilty on January 6, 2023, to first-degree assault (as a lesser-included offense of attempted murder) and PFBPP.