# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TYNISE M. ADKINS          )
      Petitioner,          )
v.          )          C.A. No: S23M-02-002 RHR
                )
KIMBERY HUGHEY          )
Warden, B.W.C.I.          )
      Respondent.          )

Submitted: February 7, 2023
Decided: February 9, 2023

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This 9th day of February, 2023, upon consideration of Tynise M. Adkins's Petition for a Writ of Habeas Corpus and the record in this case, the court finds the following:

1.  Adkins is incarcerated at the Baylor Women's Correctional Institution ("BWCI"), a Level V prison for women.

2.  Adkins was serving a six-year prison sentence in Maryland.[1] She had multiple cases pending in this court and she applied to return to Delaware to resolve those cases pursuant to the Interstate Act on Detainers.[2]

3.  Adkins entered a guilty plea on December 19, 2022 that resolved her

---

[1] Transcript of Plea and Sentencing at 12-14, *State v. Adkins*, (I.D. Nos. 1911004971, 2004000287, 2104011467) (D.I. 35).
[2] 11 *Del. C.* § 2542.

Delaware cases. Pursuant to her plea agreement, this court sentenced her to two years suspended after serving six months at Level V, followed by Level III probation to run concurrent with any probation presently imposed.

4. Adkins filed a Petition for Writ of Habeas Corpus claiming that she is still being held in pre-trial detention, which makes her ineligible for good time credits or to be classified. She has apparently asked BWCI staff to be returned to Maryland, where all of her possessions and money are located. She also complains that her mental state is being adversely affected by seeing other inmates being released from the pretrial unit.

5. Under Delaware law, a writ of habeas corpus provides very limited relief.[3] "Habeas corpus provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[4] Where the prisoner is committed on charge of felony, clearly set forth in the sentencing of commitment and legal on its face, the granting of a writ of habeas corpus is inappropriate.[5]

6. In the present matter Adkins is not being detained illegally. She is serving

---

[3] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[4] *Id.* (Citing *In re Pitt*, 541 A.2d 554, 557 (1988)).
[5] *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

a prison sentence in Maryland and is only in Delaware through the Interstate Act on Detainers to resolve her charges pending here. The time that she is serving in Delaware is being applied to her Maryland sentence.

7. And, even if Adkins were not serving a sentence in Maryland, she received a six-month Level V sentence in Delaware, so she would not otherwise be released. To the extent Adkins complains about being held in a pretrial unit, this court does not micro-manage the Department of Correction in its classification and placement decisions.[6]

IT IS THEREFORE ORDERED that Tynise Adkins's Petition for Writ of Habeas Corpus is DENIED.

*/s/ Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

---

[6] *See State v. Goodman*, 2010 WL 547394 at *1-2 (Del. Super. Feb. 9, 2010) (emphasizing where this court gives heed to the administrative processes and procedures of prisons).