IN THE SUPREME COURT OF THE STATE OF DELAWARE

DETLEF HARTMANN, §
§ No. 54, 2023
Petitioner Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ C.A. No. K23M-01-025
STATE OF DELAWARE, § Crim. ID No. 9912000027 (K)
§
Respondent Below, §
Appellee. §

Submitted: March 8, 2023
Decided: March 17, 2023

Before **SEITZ**, Chief Justice**; VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

(1) The appellant, Detlef Hartmann, filed this appeal from the Superior Court's order, dated January 27, 2023, denying his petition for a writ of habeas corpus. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Hartmann's opening brief that his appeal is without merit. We agree and affirm.

(2) In March 2001, Hartmann pleaded guilty to second-degree unlawful sexual intercourse and two counts of unlawful sexual contact. The Superior Court

sentenced Hartmann to a total of nineteen years of imprisonment, to be suspended after ten years for decreasing levels of supervision.[1]

(3)     In 2012, the Superior Court found Hartmann to be in violation of probation ("VOP") and sentenced him for that violation. Hartmann appealed, and this Court affirmed.[2]

(4)     In 2019, the Superior Court found Hartmann to be in violation of probation for a second time. The court sentenced Hartmann as follows: (i) for the first count of unlawful sexual contact, to two years at Level V Transitions Sex Offender Program; and (ii) for the second count of unlawful sexual contact, to two years of Level V incarceration, suspended after one year and successful completion of the Transitions Sex Offender Program for two years of Level III probation. This Court affirmed.[3]

(5)     In January 2023, Hartmann filed documents in the Superior Court in which he sought a writ of habeas corpus and a writ of prohibition. The Superior Court denied the request, holding that Hartmann was not entitled to habeas corpus relief because Hartmann was legally detained under the 2019 VOP sentence order. Specifically, the court stated that the 2019 VOP sentence order provided for suspension of the two-year sentence for the second count of unlawful sexual contact

---

[1] *Hartmann v. State*, 2013 WL 434052, at *1 (Del. Feb. 4, 2013).
[2] *Id.*
[3] *Hartmann v. State*, 2019 WL 6813986 (Del. Dec. 12, 2019).

only after one year at Level V *and* successful completion of the Transitions Sex Offender Program, and Hartmann had not completed the Transitions Sex Offender Program. Hartmann has appealed to this Court. He appears to claim that the Superior Court lacked subject-matter jurisdiction over the VOP proceedings, both in 2019 and as to the first VOP—or as to new criminal charges that gave rise to the VOPs—because of alleged procedural defects in the proceedings that violated his due-process and other rights. For example, Hartmann asserts that he was detained without a preliminary hearing; the allegations against him were false and the result of malicious prosecution; his counsel was ineffective; and he was confined in illegal conditions.

(6) "[T]he writ of habeas corpus under Delaware law provides relief on a very limited basis."[4] Specifically, it provides a prisoner with a means of challenging an allegedly unlawful detention on the basis that the court ordering the commitment lacked jurisdiction.[5] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'"[6]

(7) The Superior Court did not err by denying Hartmann's petition for a writ of habeas corpus. Hartmann is serving a sentence imposed by the Superior

---

[4] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[5] *Id.*
[6] *Id.* (quoting 10 *Del. C.* § 6902(1)) (alteration in original).

3

Court after the court found him to be in violation of probation; the Superior Court had jurisdiction to adjudicate the VOP and impose that sentence.[7] Because Hartmann was being held pursuant to a valid commitment, the Superior Court correctly determined that he was not entitled to habeas corpus relief.[8]

(8) To the extent that Hartmann argues that the Superior Court erred by not explicitly addressing his request for a writ of prohibition, we find no basis for reversal. Although the documents that Hartmann filed in the Superior Court referred to a writ of prohibition, they established no basis for that relief. "The writ of prohibition is a writ issued by a superior to an inferior court to prevent such court from exercising jurisdiction over matters not legally within its cognizance, or to prevent it from exceeding its jurisdiction in matters over which it admittedly has cognizance."[9] Hartmann was not requesting that the Superior Court direct another court to do anything. Moreover, to the extent that Hartmann is seeking to invoke this Court's jurisdiction to issue a writ of prohibition to the Superior Court, Hartmann has not shown that he is entitled to such relief. Because the purpose of a writ of prohibition is to keep a trial court within the limits of its own jurisdiction,

---

[7] *See Campbell v. Williams*, 2004 WL 339608, at *1 (Del. Feb. 17, 2004) ("In this case, the record reflects that Campbell is serving a sentence imposed by the Superior Court, which had jurisdiction to find a VOP and impose a VOP sentence." (citing 11 *Del. C.* §§ 4302, 4334(c)).

[8] *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

[9] *Canady v. Superior Court*, 116 A.2d 678, 681 (Del. 1955).

4

and we have concluded that the Superior Court did not exceed its jurisdiction, a writ of prohibition is not warranted.

(9) Hartmann filed several motions with his opening brief. The motion for expedited review and the motion to proceed *in forma pauperis* are moot. The "Motion for Attorney Funds If Habeas Corpus or Prohibition Writ[s] Are Denied" is denied. The Court finds no basis for the expenditure of State funds for counsel in the circumstances of this case.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The motion for attorney funds is DENIED. The appellant's motions for expedited review and to proceed *in forma pauperis* are moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice