**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

IN THE MATTER OF        )
MICHAEL D. CHAMBERS,     )
          Petitioner,     )
v.                  )      **C.A. No. N25M-04-068 PRW**
                        )      **(Crim. ID No. 0311009491A)**
BRIAM EMIG, Warden,     )
          Respondent.    )

*Upon Petitioner Michael D. Chambers'*
*Petition for a Writ of Habeas Corpus,*
**DENIED**.

Submitted: April 3, 2025
Decided: April 14, 2025

## **ORDER**

This 14th day of April, 2025, upon consideration of Petitioner Michael D. Chamber's filing that he captions a "Petition of Writ of Habeas Corpus . . . [S]upporting [P]ending Rule [35(a) Motion] for . . . [Correction of Illegally Imposed Sentence]," and the record in this case, the Court finds the following:

(1)    In 2006, a Superior Court jury found Petitioner Michael Chambers guilty of Possession with Intent to Deliver Cocaine, Use of a Dwelling to Keep Controlled Substances, Possession of a Firearm During the Commission of a Felony, and Possession of a Non-Narcotic Controlled

Substance.[1]  On January 26, 2007, the Court sentenced him as a habitual criminal offender to 25 years of incarceration followed by decreasing levels of supervision.[2]  Mr. Chambers appealed,[3] and the Delaware Supreme Court affirmed this Court's judgment and sentence.[4]

(2)  Since then, Mr. Chambers  has docketed an unrelenting stream of unsuccessful applications seeking collateral review and vacatur of his convictions and sentence. This has included no less than seven motions for postconviction relief, varied motions for sentence modification, and three state habeas petitions.[5]

(3)  On April 3, 2025, Mr. Chambers filed the instant petition for a writ of habeas corpus in this Court.  According to Mr. Chambers, this Court should grant his petition for a writ of habeas corpus because—invoking *Erlinger v. United States*[6]—he believes now that his habitual criminal sentence is "constitutionally infirm" and that his now-pending motions in his

---

[1]  *Chambers v. State*, 2008 WL 590897, at *1 (Del. Mar. 5, 2008).

[2]  *See State v. Chambers*, 2023 WL 8615791, at *1-2 (Del. Super. Ct. Dec. 13, 2013) (outlining the specifics of Mr. Chambers' sentence).

[3]  D.I. 55.

[4]  D.I. 60; *Chambers*, 2008 WL 590897, at *2.

[5]  *See Chambers*, 2023 WL 8615791, at *2 nn. 12-14 (setting forth Mr. Chambers' postconviction procedural history to that point); *see also* D.I. 143-146 (more recent requests for sentence modification and the orders denying such).

[6]  602 U.S. 821 (2024).

-2-

underlying criminal case will undoubtedly result in extinguishment of his sentence.[7] It appears Mr. Chambers has filed this petition in an attempt to gain his release from custody during or hasten the review of his pending *Erlinger*-centered applications.[8] But Mr. Chambers has failed to demonstrate that he is due state habeas corpus relief.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[9] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[10] Pursuant to § 6902(1) of Title 10, a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment."[11] Consequently, no prisoner whose commitment is regular on its face can obtain release through a state habeas corpus petition.[12]

---

[7] *Pet.* at 1; *Mem.* ¶3 (positing that because of *Erlinger* his "sentence imposed under enhancements of 11 *Del. C.* § 4214 are null and void [and] subjected to vacatur").

[8] Those filings docketed in Case ID No. 0311009491A include Mr. Chambers' Rule 35(a) motion (D.I. 153), its supplement (D.I. 157), and his several ancillary requests. *See* D.I. 154 (motion for appointment of counsel); D.I. 158 (motion to lift stay and for expedited proceedings); D.I. 159 (motion to be admitted to bail); D.I. 160 (motion to proceed *pro se*). Those criminal filings will be addressed in a separate order to be issued forthwith.

[9] *Hall v. Carr,* 692 A.2d 888, 891 (Del. 1997).

[10] *Id.*

[11] DEL. CODE ANN. tit. 10, § 6902(1) (2019).

[12] *Jones v. Anderson,* 183 A.2d 177, 178 (Del. 1962).

-3-

(5) The record in this case reflects that Mr. Chambers is serving a sentence imposed by this Court that includes a lengthy term of incarceration and that this Court had jurisdiction to order his commitment upon conviction and sentence. In turn, Mr. Chambers is due no remedy by a writ of habeas corpus.

(6) It has long been the law in Delaware that a petition for such a writ is no means to obtain any sort of examination of the integrity of that conviction or sentence.[13] No, to obtain that review, one must "pursue other remedies available to him to re-examine into the legality of his imprisonment."[14] Nor is such writ a mechanism to be employed to gain either release pending or the hastening of review of one's applications challenging his criminal conviction or sentence. Mr. Chambers offers no authority to the contrary.

---

[13] *See Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954) ("After a judgment of conviction in a court of competent jurisdiction and a subsequent commitment pursuant thereto, a prisoner may not obtain his discharge by a writ of habeas corpus no matter how illegal or erroneous the judgment of conviction might have been, if the judgment of the court is legal on its face . . . upon a hearing on a petition for a writ of habeas corpus brought by a prisoner under sentence pursuant to conviction, the only material fact to be ascertained is the existence of a judgment of conviction by a court of competent jurisdiction and a valid commitment of the prisoner to enforce the sentence. If that fact is ascertained, further inquiry into the allegations of the petition is precluded.")

[14] *Id.* at 774. *See Deangelo v. State*, 2004 WL 2348441, at *1 (affirming this Court's denial of a petition for a writ of habeas corpus brought by a prisoner claiming his continued confinement was illegal in view of alleged errors that occurred during his trial and other errors that allegedly occurred at his sentencing); *id.* ("Habeas corpus is not a substitute for postconviction relief.").

-4-

(7)     Accordingly, Mr. Chambers, whose commitment is regular on its face, is not entitled to habeas corpus relief.  **IT IS ORDERED,** therefore, that his Petition for a Writ of Habeas Corpus is **DENIED.**

**SO ORDERED,**

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc:     Michael D. Chambers, *pro se*
        Brian L. Arban, Deputy Attorney General
        Matthew B. Bloom, Deputy Attorney General
        Michael H. Tipton, Deputy Attorney General