IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELVIN EARL, | § | |
| | § | No. 279, 2025 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N25M-06-087 |
| BRIAN EMIG, WARDEN, | § | Crim. ID No. 2205001959 |
| J.T.V.C.C., | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 7, 2025
Decided: September 29, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

(1)     The appellant, Melvin Earl, pleaded guilty to first-degree rape in 2023. Following a presentence investigation, the Superior Court sentenced Earl to fifty years of imprisonment, to be suspended after twenty years for decreasing levels of supervision.  Earl did not file a direct appeal, but he did file multiple unsuccessful motions challenging his sentence.[1]

(2)     In June 2025, Earl filed a petition for a writ of habeas corpus.  He alleged that he should have received a psychological evaluation and competency

---

[1] *See, e.g.*, *Earl v. State*, 2025 WL 2083036 (Del. July 23, 2025) (affirming denial of motion for correction of illegal sentence); *State v. Earl*, 2024 WL 5237633 (Del. Super. Dec. 17, 2024) (denying motions under Superior Court Rule of Criminal Procedure 35).

hearing before the court accepted his guilty plea. The Superior Court denied the petition, concluding that Earl was legally detained. Earl has appealed to this Court. The State of Delaware, as the real party in interest, has moved to affirm the judgment below on the ground that it is manifest on the face of Earl's opening brief that his appeal is without merit. We agree and affirm.

(3) "[T]he writ of habeas corpus under Delaware law provides relief on a very limited basis."[2] Specifically, it "provides an opportunity for an illegally confined or incarcerated person to obtain judicial review only of the jurisdiction of the court ordering the commitment."[3] When the commitment is regular on its face and the court has jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[4]

(4) The Superior Court did not err by denying Earl's petition. Earl is serving a sentence imposed by the Superior Court after Earl pleaded guilty to first-degree rape, a felony.[5] "The Superior Court clearly has jurisdiction over the disposition of felony charges,"[6] and the court correctly determined that Earl is not entitled to habeas corpus relief.[7]

---

[2] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[3] *Carter v. May*, 253 A.3d 1049, 2021 WL 2419705, at *1 (Del. June 4, 2021) (TABLE).
[4] *Id.*
[5] 11 *Del. C.* § 773.
[6] *See West v. May*, 314 A.3d 665, 2024 WL 707261, at *2 (Del. Feb. 20, 2024) (TABLE).
[7] *Cf. Carter*, 2021 WL 2419705, at *2 (holding that petitioner could not challenge the sufficiency of a plea colloquy through a petition for a writ of habeas corpus); *Short v. State*, 91 A.3d 562, 2014 WL 2159049 (Del. May 20, 2014) (TABLE) (stating that "claims of insufficient evidence,

2

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

ineffective assistance of counsel, and involuntary guilty plea are not cognizable in a petition for a writ of habeas corpus").