PATRICK F. CROLL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 647, 2009.
Supreme Court of Delaware.
Submitted: February 25, 2010.
Decided: March 8, 2010.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 8th day of March 2010, upon consideration of the State's motion to remand, it appears to the Court that:
(1) The appellant, Patrick Croll, filed this appeal from the Superior Court's order denying his motion to modify his criminal sentence. After Croll filed his opening brief on appeal, the State filed a motion seeking to remand this matter to the Superior Court for clarification or correction of Croll's sentence. We agree that a remand is appropriate. Accordingly, this matter shall be returned to the Superior Court for clarification or correction of Croll's sentence. Jurisdiction will not be retained.
(2) The record reflects that Croll pled guilty to multiple criminal charges in June 2008. In May 2008, prior to the entry of Croll's guilty plea in the Superior Court, the Family Court, in an unrelated proceeding, had appointed Croll's parents as guardians for Croll's minor son. In that order, the Family Court ordered that, pursuant to the terms of his bail, Croll was not permitted to have contact with his son until the Superior Court allowed it. On February 6, 2009, the Superior Court sentenced Croll, among other things, to 33 years at Level V incarceration to be suspended after 19 years for decreasing levels of supervision. The sentencing order included a provision, which stated that Croll could "[h]ave no adverse or unsupervised contact" with his son and that the child's mother could not act as the supervisor for the visits.
(3) In September 2009, Croll filed a motion for sentence modification in the Superior Court. Croll asserted that the Family Court had interpreted the Superior Court's February 2009 sentencing order in a way that would not permit Croll to have any supervised visits with his son. Croll, therefore, requested that the Superior Court modify its sentence to clarify that Croll was permitted supervised visitation with his son.
(4) The State opposed Croll's motion. On October 28, 2009, the Superior Court, noting the State's opposition, denied Croll's motion on the ground that the February 2009 sentence included a provision that Croll have no contact with his victims. The trial court reasoned that Croll's son was one of the victim's of Croll's criminal charges, endangering the welfare of a minor. Therefore, it denied Croll's request for modification. The Superior Court did not address the provision of the February 2009 sentence that specifically provided for supervised visitation.
(5) On appeal, the State now concedes that the Superior Court's original sentencing order is ambiguous regarding the no contact and supervised visitation provisions. The State, therefore, requests that the matter be remanded to the Superior Court to clarify its sentencing order, which specifically permits supervised visitation, and its later order denying supervised visitation.
(6) Under the circumstances, we agree that a remand is appropriate. Accordingly, this matter shall be remanded to the Superior Court for clarification or correction of Croll's sentence. The Superior Court shall issue its order clarifying or correcting Croll's sentence within 45 days of this order. Jurisdiction shall not be retained.
NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the Superior Court for further proceedings consistent with this order. Jurisdiction is not retained.