IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK F. CROLL, | § | |
| | § | No. 207, 2016 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N16M-04-046 |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos.  0803007023 |
| Respondent Below, | § | 0801001836 |
| Appellee. | § | |

Submitted:  May 20, 2016
Decided:    July 18, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 18th day of July 2016, having considered the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1)    The appellant, Patrick F. Croll, filed this appeal from the Superior Court's order dated April 12, 2016, denying his petition for a writ of habeas corpus.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)    Croll was indicted in February 2008 on numerous charges, including Aggravated Menacing, Possession of a Deadly Weapon during the Commission of

a Felony ("PDWDCF"), and Endangering the Welfare of a Child. The charges stemmed from Croll's assault of his girlfriend in the presence of a two-year-old child. In a separate indictment handed down the following month, Croll was charged with Unlawful Sexual Contact in the First Degree and Offensive Touching. The charges in that case stemmed from Croll's abuse of a nine-year-old child.

(3) In June 2008, Croll pled guilty to Aggravating Menacing, PDWDCF and Endangering the Welfare of a Child from the first indictment and to Unlawful Sexual Contact in the Second Degree, a lesser-included offense of first degree unlawful sexual contact, under the second indictment. In exchange for Croll's guilty plea, the State agreed to dismiss the other charges in the two indictments.

(4) On February 6, 2009, the Superior Court sentenced Croll to a total of thirty-three years at Level V imprisonment suspended after nineteen years for decreasing levels of supervision. Croll's sentence included a five year term of imprisonment for Aggravated Menacing and a twenty-five year term of imprisonment for PDWDCF, which was suspended after eleven years for six months at Level IV work release and six months at Level III probation.

(5)     Between 2009 and 2015, Croll filed a series of unsuccessful motions in the Superior Court seeking relief from his convictions and sentence.[1]  With one exception, if Croll filed a timely appeal from the Superior Court's decision, this Court affirmed.[2]

(6)     In his habeas corpus petition and in his opening brief on appeal, Croll claims that his separate terms of imprisonment for Aggravated Menacing and PDWDCF exposed him to multiple punishments for the same offense in violation of the prohibition against double jeopardy.  In essence, Croll seeks relief from an illegal sentence under Superior Court Criminal Rule 35.[3]  A claim of illegal sentence cannot be reviewed under a writ of habeas corpus.[4]

(7)     Habeas corpus relief is available only to ensure that the prisoner is held under a legally valid commitment issued by a court of competent jurisdiction.[5] In this case, the Superior Court summarily denied Croll's habeas corpus petition on

---

[1] Croll's direct appeal from the February 6, 2009 sentence was dismissed as untimely.  *Croll v. State*, 2009 WL 1042172 (Del. April 17, 2009).

[2] *See Croll v. State*, 2010 WL 780505 (Del. Mar. 8, 2010) (remanding for clarification or correction of sentence due to ambiguity in no contact and supervised visitation provisions in sentencing order); *Croll v. State*, 2016 WL 853130 (Del. Mar. 2, 2016) (affirming denial of second postconviction motion); *Croll v. State*, 2012 WL 4882379 (Del. Oct. 15, 2012) (affirming denial of motion for correction of sentence); *State v. Croll*, 2010 WL 3103396 (Del. Super., June 2, 2010) (denying postconviction motion), *aff'd*, 2011 WL 486615 (Feb. 9, 2011).

[3] Del. Super. Ct. Crim. R. 35 (governing correction or reduction of sentence); *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (providing that relief under Rule 35(a) is available when the sentence imposed violates the double jeopardy clause).

[4] *See Webb v. State*, 2007 WL 2310111 (Del. Aug. 14, 2007) (citing *Lewis v. State*, 221 A.2d 433, 434 (Del. 1965)); *LaTorre v. State*, 2005 WL 1950210 (Del. July 14, 2005) (affirming denial of habeas corpus petition in part on unavailability of habeas corpus relief to address double jeopardy claim).

[5] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997) (quoting 10 *Del. C.* § 6902(1)).

the basis that Croll was being legally detained. That decision was entirely correct. The Superior Court had subject matter jurisdiction over the charges in the indictment, the authority to accept Croll's guilty plea, and the authority to impose a sentence for the convictions.[6] Croll has not demonstrated that he is being illegally detained and, for that reason, he is not entitled to habeas corpus relief.[7]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] 11 *Del. C.* § 2701(c), (e) (governing Superior Court's original criminal jurisdiction).
[7] *Hall v. Carr*, 692 A.2d at 891.