IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK F. CROLL, | § | |
| | § | No. 44, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0801001836 (N) |
| Plaintiff Below, | § | 0803007023 (N) |
| Appellee. | § | |

Submitted: February 14, 2020
Decided: April 17, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     Patrick Croll appeals the Superior Court's January 21, 2020 order denying his motion for modification of sentence filed under Superior Court Criminal Rule 35(b) ("Rule 35(b)").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Croll's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that Croll pled guilty in June 2008 to aggravated menacing, possession of a deadly weapon during the commission of a felony

("PDWDCF"), endangering the welfare of a child, and second degree unlawful sexual contact. Following a presentence investigation, the Superior Court sentenced Croll to an aggregate of thirty-three years of Level V incarceration, suspended after nineteen years for decreasing levels of supervision. Croll's direct appeal was dismissed as untimely filed.[1]

(3) Between 2009 and 2019, Croll filed a series of unsuccessful motions in the Superior Court seeking relief from his convictions and sentence. With one exception,[2] if Croll filed a timely appeal from the Superior Court's decision, this Court affirmed the Superior Court's denial of relief.[3]

(4) On December 31, 2019, Croll filed a fifth motion for sentence modification, asking the Superior Court to direct the Department of Correction ("DOC") to place him in the Key Program. In support of his motion, Croll alleged that the DOC was not providing him with adequate substance abuse treatment in

---

[1] *Croll v. State*, 2009 WL 1042172 (Del. Apr. 17, 2009).
[2] *Croll v. State*, 2010 WL 780505 (Del. Mar. 8, 2010) (remanding for clarification or correction of sentence due to ambiguity in the no contact and supervised visitation provisions in the sentencing order).
[3] *See Croll v. Metzger*, 2019 WL 2394238 (Del. June 5, 2019) (affirming dismissal of petition for writ of mandamus); *Croll v. State*, 2017 WL 786466 (Del. Feb. 28, 2017) (affirming denial of motion for correction of illegal sentence); *Croll v. State*, 2016 WL 853130 (Del. Mar. 2, 2016) (affirming denial of second postconviction motion); *Croll v. State*, 2012 WL 4882379 (Del. Oct. 15, 2012) (affirming denial of motion for correction of sentence); *Croll v. State*, 2011 WL 486615 (Del. Feb. 9, 2011) (affirming denial of first postconviction motion).

violation of 11 *Del. C.* § 6502.[4] On January 21, 2020, the Superior Court denied the motion, finding that the motion was repetitive and that the sentence imposed remained appropriate for the reasons stated at sentencing. This appeal followed.

(5) We find no merit to Croll's appeal. We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[5] Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of "extraordinary circumstances."[6] Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence reduction.[7] Croll's repetitive motion for sentence modification was filed well beyond the ninety-day limit. Moreover, the DOC does not have a statutory duty to provide Croll with a specific rehabilitation program.[8] The Superior Court did not abuse its discretion by denying the motion for modification.

---

[4] 11 *Del. C.* § 6502(a) (establishing DOC's responsibility "to provide for the treatment, rehabilitation, and restoration of offenders as useful, law-abiding citizens within the community.").

[5] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[6] Super. Ct. Crim. R. 35(b).

[7] *Id.*

[8] *Fatir v. State*, 2007 WL 2481696, at *2 (Del. Sept. 5, 2007).

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice