# IN THE SUPREME COURT OF THE STATE OF DELAWARE

OSCAR MARTINEZ,

    Petitioner Below,
    Appellant,

v.

DANA METZGER,

    Respondent Below,
    Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§

No. 182, 2018

Court Below: Superior Court of the State of Delaware

C.A. No. N18M-02-0318

Cr. ID No. 0905009708 (N)

Submitted: June 6, 2018
Decided: August 7, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices

**ORDER**

(1)    In 2010, the appellant, Oscar Martinez, pleaded guilty to second-degree robbery. In accordance with the parties' plea agreement, Martinez was declared a habitual criminal and was sentenced to ten years of Level V incarceration under subsection (a) of 11 *Del. C.* § 4214, the State's habitual criminal sentencing statute.

(2)    In 2016, the General Assembly passed legislation, effective July 19, 2016, which made significant changes to § 4214. The statute, as rewritten, eliminated mandatory life sentences for habitual criminals, narrowed the list of offenses eligible for habitual criminal sentencing, and made other changes to the mandatory sentences associated with a habitual criminal designation. The new statute also included a remedial provision—§ 4214(f)—which provided habitual

criminals, sentenced before July 19, 2016, a one-time opportunity to petition for a modification of sentence.[1]  In 2017, when questions arose regarding the intended reach of § 4214(f), the  General Assembly amended the statute to clarify that the retroactive relief available under § 4214(f) was intended to affect only habitual criminal sentences imposing the minimum-mandatory required under the statute, not discretionary sentences that exceeded the minimum-mandatory.[2]

(3)    Over the past eighteen months, Martinez has tried, repeatedly, to convince the Superior Court that he is eligible to seek a sentence modification under § 4214(f).  Two such attempts—a petition for a writ of mandamus and a motion for sentence review—were denied by the Superior Court in an order issued on May 15, 2017.  A third attempt—a petition for a writ of habeas corpus—was dismissed by the Superior Court in an order dated July 19, 2017.  The Superior Court denied Martinez' various requests to file a petition under § 4214(f) because, among other reasons, his ten-year habitual criminal sentence for second-degree robbery exceeded the five-year minimum-mandatory sentence required for that offense under the version of § 4214(a) in effect in 2010 when Martinez pleaded guilty, and thus his sentence, under the amended statute, is considered discretionary.  Martinez filed

---

[1] 80 Del. Laws ch. 321 (2016).
[2] 81 Del. Laws ch. 6 (2017).

2

appeals from the May 15 and July 19 orders, but both appeals were dismissed as untimely filed.[3]

(4) This appeal is from the Superior Court's March 13, 2018 denial of a motion to certify questions of law and a petition for a writ of habeas corpus, Martinez' latest attempts to obtain a sentence modification under § 4214(f). The March 13 decision also denied Martinez' fifth motion seeking a modification of sentence under Superior Court Criminal Rule 35(b). The State has filed a motion to affirm the Superior Court's judgment.

(5) Having carefully considered the parties' positions on appeal, we conclude that the Superior Court's judgment should be affirmed on the basis of, and for the reasons stated in, the court's well-reasoned decision dated March 13, 2018.[4] The Superior Court did not err in concluding that Martinez' motion under Rule 35(b) was procedurally barred as repetitive, that Martinez had not met the requirements to request a certification of questions of law, and that he was not entitled to habeas corpus relief. To the extent Martinez used this appeal to challenge the court's orders of May 15 and July 19, 2017, his claims are outside the scope of the appeal.[5]

---

[3] *Martinez v. State*, 2017 WL 2953372 (Del. July 10, 2017); *Martinez v. State*, 2017 WL 4080483 (Del. Sept. 14, 2017).

[4] *See State v. Martinez*, Cr. ID No. 0905009708 (N) (Del. Super. Ct. Mar. 13, 2018) (copy attached).

[5] Moreover, we note that the substance of his claims was largely addressed and found to be without merit in our decision in *Clark v. State*, 2018 WL 1956298 (Del. April 24, 2018).

3

Martinez may not use this appeal to resurrect claims of error that could have been, but were not, raised in a timely appeal.[6]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[6] *Chapman v. State*, 2015 WL 357955 (Del. Jan 26. 2015).

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OSCAR MARTINEZ,        )
           Petitioner,      )
                           )
v.                          )      C.A. No. N18M-02-318 PRW
                           )
DANA METZGER, Warden,   )
           Respondent.    )
                           )
                           )
STATE OF DELAWARE,     )
                           )
v.                          )      ID No. 0905009708
                           )
OSCAR MARTINEZ,       )
           Defendant.     )

Submitted: February 26, 2018
Decided: March 13, 2018

## ORDER DENYING MARTINEZ'S MOTION UNDER RULE 35, MOTION TO CERTIFY QUESTIONS OF LAW, AND PETITION FOR A WRIT OF HABEAS CORPUS

This 13th day of March, 2018, upon consideration of Defendant and Petitioner Oscar Martinez's Motion Under Superior Court Criminal Rule 35 (D.I. 73)[1], Motion To Certify Questions Of Law (D.I. 71), and Petition for Writ of Habeas Corpus (D.I. 75) , and the record in this case, the Court finds the following:

---

[1] All docket references herein are to those entries made in Criminal Case No. 0905009708 as all the pending motions and petitions have been docketed in that case.

(1)     On September 14, 2009, Oscar Martinez, initially indicted on the charge of Robbery in the First Degree,[2] pleaded guilty to the lesser included offense of Robbery in the Second Degree.[3]   He did so in exchange for the State's withholding of an insurmountable habitual criminal sentencing petition[4] and joined with the State in a favorable sentencing recommendation (ten years of imprisonment under then-extant 11 *Del. C.* § 4214(a)).[5]   His sentencing occurred a few months later, on January 15, 2010, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition.[6] Martinez was sentenced to that which he and the State had agreed upon:  ten years at Level V to be served under the provisions of the

---

[2]     Indictment, *State v. Oscar Martinez*, ID No. 0905009708 (Del. Super. Ct. Aug. 3, 2009) (D.I. 5).

[3]     Plea Agreement and TIS Guilty Plea Form, *State v. Oscar Martinez*, ID No. 0905009708 (Del. Super. Ct. Sept. 14, 2009) (D.I. 10).

[4]     Plea Agreement, at 1 (outlining Martinez's prior felony convictions and noting that Martinez was subject to a mandatory natural life sentence under then-extant 11 *Del. C.* § 4214(b)).

[5]     *Id.* ("State and Defendant agree to recommend:  The State and defense agree to 10 years Level 5.  The State will file an habitual offender petition pursuant to 11 Del. C. 4214(a).").

[6]     DEL. CODE ANN. tit. 11, § 4214(a) (2008) (providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal; the Court could then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony, but any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition).

then-extant Habitual Criminal Act.[7] As required by law, he also received a six-month term of probation to follow his imprisonment.[8] Martinez's sentencing order notes that his habitual criminal sentence was effective on May 13, 2009.[9] Martinez is now incarcerated at the James T. Vaughn Correctional Center serving that sentence.

### *Martinez's Rule 35 Motion (D.I. 73)*

(2)     Martinez has filed a motion asking the Court to correct, reduce, or modify his sentence.

(3)     His request to reduce or modify is governed by this Court's Criminal Rule 35(b).[10] When considering such an application under Rule 35(b), the Court must address any applicable procedural bars before turning to its merits.[11]

---

[7]     Sentencing Order, *State v. Oscar Martinez*, ID No. 0905009708 (Del. Super. Ct. Jan. 15, 2010) (D.I. 17).

[8]     DEL. CODE ANN. tit. 11, § 4204(l) (2008) ("Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society.").

[9]     Sentencing Order, at 1.

[10]     *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11]     *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

(4) Martinez has previously filed numerous unsuccessful applications to reduce or modify his your sentence.[12] As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration of repetitive requests for sentence reduction or modification.[13] There is no exception to the repetitive motion bar.[14] And so, the Court must **DENY** Martinez's request to reduce or modify his sentence under Rule 35(b).

(5) When suggesting he is due sentence "correction," Martinez cites Criminal Rule 35(a). He says he is due Rule 35(a) relief "because of the incompeten[ce] and ineffectiveness of [his trial/plea] attorney" in not arguing that Martinez had "used drugs and physically commit[ted] the crime of Robbery but [] did not have the mental capacity to knowingly do[] [his] crime."[15]

---

[12]  *See, e.g.*, D.I. 18 (first motion to reduce or modify sentence); D.I. 19 (order denying first motion); D.I. 29 (second motion to reduce or modify sentence); D.I. 30 (order denying second motion); D.I. 35 (third motion to reduce or modify sentence); D.I. 37 (order denying third motion); D.I. 42 (fourth motion to reduce or modify sentence); D.I. 44 (order denying fourth motion); D.I. 56 & 58 (fifth motion to reduce or modify sentence); D.I. 44 (order denying fifth motion).

[13]  *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden*, 111 A.3d at 608-09.

[14]  *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d 608-09.

[15]  Def. Rule 35 Mot., at 3.

-4-

(6)     Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[16] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed:   exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[17] Martinez's claims and sentence meet none of those criteria.[18] As such, there is no illegality to his sentence to be corrected and the Court must **DENY** Martinez's request under Rule 35(a).

### *Martinez's Motion to Certify Questions of Law (D.I. 71)*

(7)     Martinez has also asked the Court to certify questions of law to the Delaware Supreme Court on the constitutionality and application of recently-enacted 11 *Del. C.* § 4214(f).[19] In sum, he says the statute "discriminates towards [a] certain class of habitual offenders."[20]

---

[16]     Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[17]     *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[18]     *Glenn v. State*, 2003 WL 21714083 (Del. July 21, 2003) (Claim for ineffective assistance of counsel is not proper subject for motion for correction of sentence under Criminal Rule 35(a)).

[19]     DEL. CODE ANN. tit. 11, § 4214(f) (2017) (providing that certain habitual criminal offenders are eligible to petition the Superior Court for sentence modification to conform his or her sentence to the new provisions of the Habitual Criminal Act).

[20]     Def. Mot. to Certify, at 1.

(8) The Superior Court may, in rare instances, certify questions of law to the Delaware Supreme Court in accordance with Article IV, Section 11(8) of the Delaware Constitution and Delaware Supreme Court Rule 41.

(9) There are certain requirements for such a request to be made by this Court.[21] First, the Court must certify that "there exist important and urgent reasons for an immediate determination by th[e Supreme] Court of the questions certified."[22] That the Court cannot do. Even if the Court could, "[a] certification will not be accepted if facts material to the issue certified are in dispute."[23] And here there are disputed material facts. In turn, the Court must **DENY** Martinez's request to certify questions of law to the Delaware Supreme Court.

### *Martinez's Petition for a Writ of Habeas Corpus (D.I. 75)*

(10) Martinez has also filed the instant petition for a writ of habeas corpus in this Court. Martinez appears to contend that this Court should grant his petition for a writ of habeas corpus because he has continuously and

---

[21] Del. Supr. Ct. R. 41.

[22] Del. Supr. Ct. R. 41(b).

[23] *Id.*

unsuccessfully argued that he is due relief under 11 *Del. C.* § 4214(f).[24] This is no ground for habeas corpus relief.

(11) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[25] Pursuant to § 6902(1) of Title 10, a writ of habeas corpus may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment." Consequently, no prisoner whose commitment is regular on its face can obtain release through a state habeas corpus petition.[26] The record in this case reflects that, after a guilty plea, Martinez was sentenced to serve ten years of Level V incarceration followed by probation. To date, Martinez has served less than nine years of that sentence. Accordingly, as there is no evidence that this Court lacked jurisdiction to sentence Martinez or that his commitment is irregular on its face, he is not entitled to habeas corpus relief.[27] The Court must, therefore, **DENY** Martinez's Petition for a Writ of Habeas Corpus.

---

[24] Pet. at ¶¶ 3-4, 6-10.

[25] *Hall v. Carr,* 692 A.2d 888, 891 (Del. 1997).

[26] *Jones v. Anderson,* 183 A.2d 177, 178 (Del. 1962).

[27] *See* DEL. CODE ANN. tit. 10, § 6902(1) (2014); *Irvin v. State,* 2007 WL 1509625, at *1 (Del. May 24, 2007) (petitioner not entitled to a writ of habeas corpus where there was no evidence that this Court lacked jurisdiction to sentence him or that the commitment was irregular on its face); *Correa v. State,* 2007 WL 773396, at *1 (Del. Mar. 15, 2007) (affirming this Court's decision to deny a state habeas petition where petitioner's sentencing order was regular on its face).

SO ORDERED this 13th day of March, 2018.

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Joseph S. Grubb, Deputy Attorney General
       Jason W. Staib, Deputy Attorney General
       Oscar Martinez, *pro se*